United States District Court
Southern District of Texas
**ENTERED**
October 29, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ALAN RICHARD HOGLE, §
§
Petitioner, §
VS. § MISC. ACTION NO. 7:18-MC-01298
§
LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, §
§
Respondent. §

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Alan Richard Hogle's Application to Proceed In Forma Pauperis ("IFP"), along with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which had been referred to the Magistrate Court for a report and recommendation. On September 21, 2018, the Magistrate Court issued the Report and Recommendation, recommending that Petitioner's case be dismissed without prejudice, that the IFP application be denied as moot, that Petitioner be denied a certificate of appealability, and that this action be dismissed. The time for filing objections has passed and no objections have been filed.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report and Recommendation for clear error.[1] Finding no clear error, the Court adopts the Report and Recommendation in its entirety. Accordingly, it is hereby **ORDERED** that Petitioner's § 2254 case is **DISMISSED** without prejudice for failure to exhaust and Petitioner's IFP application is DENIED as moot. Petitioner is also DENIED a certificate of appealability and further ORDERS that this action be **DISMISSED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th day of October, 2018.

Micaela Alvarez
United States District Judge

---

[1] As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Douglas v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996) (quoting FED. R. CIV. P. 72(b) advisory committee's note (1983)) *superceded by statute on other grounds by* 28 U.S.C. § 636(b)(1), *as stated in* ACS Recovery Servs., Inc. v. Griffin, No. 11-40446, 2012 WL 1071216, at *7 n.5 (5th Cir. Apr. 2, 2012).